DSS:EMN/AH/DAL/SPN/BDM
F.#20104R00190

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSÉ HAWILLA,

        Defendant.

- - - - - - - - - - - - - - - - X

SEALED ORDER OF FORFEITURE

14 CR 609 (RJD)

        WHEREAS, on December 12, 2014, the defendant, JOSÉ HAWILLA, entered a plea of guilty to Counts One through Four of the above-captioned information (the "Information"), charging violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1349, 18 U.S.C. § 1956(h) and 18 U.S.C. § 1512;

        WHEREAS, the defendant acknowledges that money and property is subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the Information; and

        WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the sum of one hundred fifty-one million seven hundred thirteen thousand eight hundred seven dollars and forty-three cents ($151,713,807.43), which represents profits that the defendant made from certain contracts obtained through the

payment of bribes and kickbacks (the "Sum Certain"),[1] plus the amount of any Additional Payment From Traffic Sales Proceeds and the amount of any Additional Profits From Ongoing Contracts as each are defined in paragraph 2 below (collectively, the "Forfeiture Money Judgment") as: (a) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in, security of, claims against and property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (b) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (c)

---

[1] The contracts that provide the basis for the profit figure are the subject of the four schemes set forth in the Information. Included among these contracts are four that remain in effect: (A) the Copa América and Copa América Centenario contract dated on or about May 25, 2013; (B) the Gold Cup and Champions League contracts dated on or about November 27, 2012 and November 15, 2013; and (C) the Copa do Brasil contract dated on or about August 15, 2012, which includes earlier contracts incorporated by reference therewith (collectively and all as variously amended, the "Ongoing Contracts").

property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. The defendant shall pay the sum of twenty-five million dollars and no cents ($25,000,000.00) towards the Sum Certain portion of the Forfeiture Money Judgment on or before the date that he pleads guilty pursuant to his agreement with the government (the "First Due Date"). The defendant shall pay the greater of (a) the sum of seventy-five million dollars and no cents ($75,000,000.00) or (b) the proceeds of the sale of Traffic (i.e., Traffic Sports USA, Inc., Traffic Sports International, Inc., and Traffic Assessoria e Comunicaçôes Ltda., along with their parents, affiliates, divisions, and subsidiaries) or its assets contemplated in paragraph 4.i.(iii) of his agreement with the government (the "Traffic Sales Proceeds") towards the Sum Certain portion of the Forfeiture Money Judgment no later than one year after the date that the Information and the fact

of the defendant's guilty plea are unsealed (the "Second Due Date"). To the extent that the Traffic Sales Proceeds are less than the sum of one hundred twenty-six million seven hundred thirteen thousand eight hundred seven dollars and forty-three cents ($126,713,807.43), the defendant shall pay the remaining balance of the Sum Certain portion of the Forfeiture Money Judgment on or before the date of sentencing (the "Third Due Date"). To the extent that the Traffic Sales Proceeds exceed the sum of one hundred twenty-six million seven hundred thirteen thousand eight hundred seven dollars and forty-three cents ($126,713,807.43) (the "Trigger Sales Price"), the defendant shall pay an amount equivalent to seventy-five percent (75%) of the difference between the Traffic Sales Proceeds and the Trigger Sales Price (the "Additional Payment From Traffic Sales Proceeds") towards the Forfeiture Money Judgment on or before the Third Due Date (the "First Due Date" "Second Due Date" and "Third Due Date" are referred to generally as the "Applicable Due Date"). To the extent that the defendant and/or Traffic receive any additional net profits from the Ongoing Contracts as defined in footnote one above after the date of his agreement with the government, the defendant shall pay an amount equivalent to all such profits (the "Additional Profits From Ongoing Contracts") towards the Forfeiture Money Judgment on or before the Third Due Date.[2] The

[2] Nothing herein shall restrain or prevent the defendant and/or

defendant shall promptly provide the U.S. Attorney's Office (the "Office") with copies of all records evidencing Additional Profits from Ongoing Contracts, including but not limited to financial statements, invoices, and wire transfer records, as such records become available.

3. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents

---

Traffic, beginning thirty (30) days after the date that the Information and the fact of the defendant's guilty plea are unsealed, from lawfully entering into new, amended, or ratified contracts for any of the rights conveyed in the Ongoing Contracts (the "New Contracts") or shall restrain or prevent the defendant and/or Traffic from exploiting commercially any rights obtained thereby. Profits obtained pursuant to the New Contracts, if any, shall not constitute Additional Profits From Ongoing Contracts, as defined above, and shall not be subject to forfeiture pursuant to this Order except to the extent necessary to satisfy the Forfeiture Money Judgment should the defendant fail to pay any portion thereof on or before the Applicable Due Date.

necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

4. All Payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be sent via certified mail, overnight mail, or Federal Express to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office will request remission or restoration by the Attorney General or his designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and

exclusive discretion of the Attorney General or his designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5. If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of any substitute assets. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

7. The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice

to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

9. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the defendant to satisfy

the Forfeiture Money Judgment following the Court's entry of this Order.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant. This Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2), and shall be made part of the sentence and included in the judgment.

11. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

12. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
December 12, 2014

s/Raymond J. Dearie

HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE