COURT EXHIBIT

DSS:EMN/AH/DAL/SPN/BDM
F.#2014R00190

*A*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JOSÉ HAWILLA,

           Defendant.

- - - - - - - - - - - - - - - -X

COOPERATION AGREEMENT

14 CR 609 (RJD)

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and JOSÉ HAWILLA (the "defendant") agree to the following:

      1.   The defendant will waive indictment and, where applicable, venue and plead guilty to a four-count Information to be filed in this District charging violations of 18 U.S.C. § 1962(d) (Count One), 18 U.S.C. § 1349 (Count Two), 18 U.S.C. § 1956(h) (Count Three), and 18 U.S.C. § 1512 (Count Four).  The foregoing counts carry the following statutory penalties:

Count One (Racketeering Conspiracy)

        a.   Maximum term of imprisonment: 20 years
           (18 U.S.C. § 1963(a)).

        b.   Minimum term of imprisonment: 0 years
           (18 U.S.C. § 1963(a)).

c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

d.   Maximum fine: the greater of $250,000 or twice the gross profits of the enterprise (18 U.S.C. § 3571(b)(3), (d)).

e.   Restitution: Mandatory restitution in the full amount of each victim's losses as determined by the Court (18 U.S.C. §§ 3663A and 3664).

f.   $100 special assessment (18 U.S.C. § 3013).

g.   Criminal forfeiture: the defendant consents to criminal forfeiture, as set forth below in paragraphs 8 through 15 (18 U.S.C. §§ 1963(a) and 1963(m)).

Count Two (Wire Fraud Conspiracy)

a.   Maximum term of imprisonment: 20 years (18 U.S.C. §§ 1343, 1349).

b.   Minimum term of imprisonment: 0 years (18 U.S.C. §§ 1343, 1349).

c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

3

    d.   Maximum fine: the greater of $250,000 or twice the gross gain or gross loss (18 U.S.C. § 3571(b)(3), (d)).

    e.   Restitution: Mandatory restitution in the full amount of each victim's losses as determined by the Court (18 U.S.C. §§ 3663A and 3664).

    f.   $100 special assessment (18 U.S.C. § 3013).

    g.   Criminal forfeiture: the defendant consents to criminal forfeiture, as set forth below in paragraphs 8 through 15 (18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)).

## Count Three (Money Laundering Conspiracy)

    a.   Maximum term of imprisonment: 20 years (18 U.S.C. § 1956(a), (h)).

    b.   Minimum term of imprisonment: 0 years (18 U.S.C. § 1956(a), (h)).

    c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

    d.   Maximum fine: the greater of $500,000 or twice the value of the monetary instrument or funds involved (18 U.S.C. § 1956(a)).

    e.   Restitution: Mandatory restitution in the full amount of each victim's losses as determined by the Court (18 U.S.C. §§ 3663A and 3664).

  f. $100 special assessment
    (18 U.S.C. § 3013).

  g. Criminal forfeiture: the defendant consents to
    criminal forfeiture, as set forth below in
    paragraphs 8 through 15
    (18 U.S.C. §§ 982(a)(1) and 982(b), 28 U.S.C.
    § 2461(c) and 21 U.S.C. § 853(p)).

## Count Four (Obstruction of Justice)

  a. Maximum term of imprisonment: 20 years
    (18 U.S.C. § 1512(c)).

  b. Minimum term of imprisonment: 0 years
    (26 U.S.C. § 1512(c)).

  c. Maximum supervised release term: 3 years, to
    follow any term of imprisonment; if a condition
    of release is violated, the defendant may be
    sentenced to up to 2 years' imprisonment without
    credit for pre-release imprisonment or time
    previously served on post-release supervision
    (18 U.S.C. § 3583(b), (e)).

  d. Maximum fine: $250,000
    (18 U.S.C. § 3571).

  e. Restitution: N/A

  f. $100 special assessment
    (18 U.S.C. § 3013).

The sentence imposed on each count may run consecutively.

  2. The defendant understands that although imposition
of a sentence in accordance with the United States Sentencing
Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the
Guidelines are advisory and the Court is required to consider any
applicable Guidelines provisions as well as other factors enumerated

in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.  If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).  Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before December 12, 2014, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b).

3.   The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment within or below the applicable Guidelines range determined by the Court at sentencing.  This waiver is binding without regard to the sentencing analysis used by the Court.  Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

6

4.    The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office.   This cooperation will include, but is not limited to, the following:

a.    The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

b.    The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control ███████

███████████████████████████████
███████████████████████████████
███████████████████████████████

c.    The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Office.

d.    The defendant agrees to testify at any proceeding in the Eastern District of New York or elsewhere, as requested by the Office.

e.    The defendant consents to adjournments of his sentence as requested by the Office.

f.    The defendant agrees to comply with the forfeiture provisions set forth in paragraphs 8 through 15, below.

g.    The defendant agrees that all of his obligations under this agreement continue after he is sentenced.

h.    The defendant will consent to, and not oppose, any ban that may hereafter be imposed on him by the Fédération Internationale de Football Association ("FIFA") or any other soccer governing body.

i.   As an individual and in his capacity as the
     indirect majority shareholder of Traffic Sports
     USA, Inc. ("Traffic USA"), Traffic Sports
     International, Inc. ("Traffic International"),
     and Traffic Assessoria e Comunicações Ltda.
     ("Traffic Brazil") (collectively, Traffic USA,
     Traffic International, and Traffic Brazil,
     along with their parents, affiliates,
     divisions, and subsidiaries, are referred to
     below as "Traffic"), the defendant agrees to
     undertake and implement the following:

     (i)    The defendant shall not make or agree to
            make, or cause Traffic to make or agree
            to make, any bribe or kickback payments.

     (ii)   During such time as the Information and
            the fact of the defendant's guilty plea
            remain under seal, the defendant shall
            not sell, pledge or otherwise encumber
            any of his interests in Traffic, or
            engage in any transaction valued in
            excess of $1 million that involves any
            of Traffic's assets, without the prior
            written authorization of the Office.

     (iii)  ███████████████████████████████
            ███████████████████████████████
            ███████████████████████████████
            ███████████████████████████████ the
            defendant shall cause Traffic or the
            assets of Traffic to be sold to one or
            more unrelated third parties in one or
            more arm's length transactions, such
            sale or sales expressly being
            conditioned upon the prior written
            authorization of the Office, which may
            require before providing such
            authorization, among other things, that
            the defendant obtain and provide to the
            Office an independent fairness opinion
            regarding the terms of such sale or

8

sales from an investment banking, accounting or consulting firm retained by the defendant and approved by the Office.  In the event of a sale of the assets of Traffic, the defendant shall cause Traffic to cease operations and be dissolved ████████████████████ ████████████ In addition ██████████ ████████████████, the defendant shall institute a company-wide compliance and ethics program designed to prevent violations of law, including the payment of bribes and kickbacks, and shall furnish the Office with documentation reflecting the institution of such program.

(iv)   The defendant shall cause Traffic to cooperate with the Office in any and all investigations, subject to applicable laws and regulations and the attorney-client and attorney work product privileges.  Such cooperation shall include, without limitation but subject to applicable laws and regulations and the attorney-client and attorney work product privileges, promptly producing documents and other records in Traffic's possession, custody, or control, wherever located, upon request by the Office, and promptly making employees and agents available for interview or for testimony in any proceeding, upon request by the Office and subject to those employees' and agents' own legal rights.

j.   In his capacity as the indirect majority shareholder of Traffic USA and Traffic International, the defendant will cause Traffic USA and Traffic International to plead guilty to Count Two of the Information pursuant to separate plea agreements (the "Traffic USA Guilty Plea Agreement" and "Traffic

International Guilty Plea Agreement,"
respectively) and to abide by the terms thereof,
as duly authorized by resolutions of the boards
of directors of Traffic USA and Traffic
International, which will be incorporated by
reference and attached as appendices to the
Traffic USA Guilty Plea Agreement and the
Traffic International Guilty Plea Agreement,
respectively.

5.   The Office agrees that:

a.   Except as provided in paragraphs 1, 17 and 18,
no criminal charges will be brought against the
defendant for his heretofore disclosed
participation in connection with the following:





    b.   No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 17 and 18.

    6.   The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that

any cancellations or reschedulings of debriefings or meetings
requested by the defendant that hinder the Office's ability to
prepare adequately for trials, hearings or other proceedings may
adversely affect the defendant's ability to provide substantial
assistance.  Matters occurring at any meeting or debriefing may be
considered by the Office in determining whether the defendant has
provided substantial assistance or otherwise complied with this
agreement and may be considered by the Court in imposing sentence
regardless of whether counsel was present at the meeting or
debriefing.

　　　　7.   If the Office determines that the defendant has
cooperated fully, provided substantial assistance to law enforcement
authorities and otherwise complied with the terms of this agreement,
the Office will file a motion pursuant to U.S.S.G. § 5K1.1 with the
sentencing Court setting forth the nature and extent of his
cooperation.  Such a motion will allow the Court, in applying the
advisory Guidelines, to consider a range below the Guidelines range
that would otherwise apply.  In this connection, it is understood
that a good faith determination by the Office as to whether the
defendant has cooperated fully and provided substantial assistance
and has otherwise complied with the terms of this agreement,
including the demonstration of acceptance of responsibility

12

described in paragraph 2, and the Office's good faith assessment of
the value, truthfulness, completeness and accuracy of the
cooperation, shall be binding upon him.  The defendant agrees that,
in making this determination, the Office may consider facts known
to it at this time.  The Office will not recommend to the Court a
specific sentence to be imposed.  Further, the Office cannot and does
not make a promise or representation as to what sentence will be
imposed by the Court.

       8.   The defendant acknowledges that money and property
is subject to forfeiture as a result of his violations of 18 U.S.C.
§§ 1962(d), 1349 and 1956(h), as alleged in the Information.
Pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and
28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the
sum of one hundred fifty-one million seven hundred thirteen thousand
eight hundred seven dollars and forty-three cents ($151,713,807.43),
which represents profits that the defendant made from certain
contracts obtained through the payment of bribes and kickbacks (the
"Sum Certain"),[1] plus the amount of any Additional Payment From

---

[1]   The contracts that provide the basis for the profit figure are the
subject of the four schemes set forth in the Information.  Included
among these contracts are four that remain in effect: (A) the Copa
América and Copa América Centenario contract dated on or about May
25, 2013; (B) the Gold Cup and Champions League contracts dated on
or about November 27, 2012 and November 15, 2013; and (C) the Copa

Traffic Sales Proceeds and the amount of any Additional Profits From

Ongoing Contracts as each are defined in paragraph 9 (collectively,

the "Forfeiture Money Judgment") as: (a) property that the defendant

acquired an interest in and maintained in violation of 18 U.S.C. §

1962, property that the defendant has an interest in, security of,

claims against and property and contractual rights that afford a

source of influence over the enterprise that the defendant

established, operated, controlled, conducted and participated in the

conduct of, in violation of 18 U.S.C. § 1962, property that the

defendant derived from proceeds obtained, directly and indirectly,

from racketeering activity, in violation of 18 U.S.C. § 1962, and/or

as substitute assets in accordance with the provisions of 18 U.S.C.

§ 1963(m); (b) property, real or personal, which constitutes or is

derived from proceeds traceable to the defendant's violations of 18

U.S.C. § 1349, and/or as substitute assets in accordance with the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. §

2461(c); and (c) property, real or personal, involved in the

defendant's violations of 18 U.S.C. § 1956(h), or any property

traceable to such property, and/or as substitute assets in accordance

with the provisions of 21 U.S.C. § 853(p), as incorporated by 18

---

do Brasil contract dated on or about August 15, 2012, which includes
earlier contracts incorporated by reference therewith (collectively
and all as variously amended, the "Ongoing Contracts").

U.S.C. § 982(b).  The defendant consents to the entry of an Order
of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal
Procedure, forfeiting the amount of the Forfeiture Money Judgment.
The defendant further consents to have the Order of Forfeiture made
final at any time before sentencing pursuant to Rule 32.2(b)(4)(A)
of the Federal Rules of Criminal Procedure.

9.    The defendant consents to the entry of the Forfeiture
Money Judgment.  The defendant shall pay the sum of twenty-five
million dollars and no cents ($25,000,000.00) towards the Sum Certain
portion of the Forfeiture Money Judgment on or before the date that
he pleads guilty pursuant to this agreement (the "First Due Date").
The defendant shall pay the greater of (a) the sum of seventy-five
million dollars and no cents ($75,000,000.00) or (b) the proceeds
of the sale of Traffic or its assets contemplated in paragraph
4.i.(iii) above (the "Traffic Sales Proceeds") towards the Sum
Certain portion of the Forfeiture Money Judgment on or before the
expiration of the ████████████████ (the "Second Due Date").  To the
extent that the Traffic Sales Proceeds are less than the sum of one
hundred twenty-six million seven hundred thirteen thousand eight
hundred seven dollars and forty-three cents ($126,713,807.43), the
defendant shall pay the remaining balance of the Sum Certain portion
of the Forfeiture Money Judgment on or before the date of sentencing

(the "Third Due Date").  To the extent that the Traffic Sales

Proceeds exceed the sum of one hundred twenty-six million seven

hundred thirteen thousand eight hundred seven dollars and

forty-three cents ($126,713,807.43) (the "Trigger Sales Price"), the

defendant shall pay an amount equivalent to seventy-five percent

(75%) of the difference between the Traffic Sales Proceeds and the

Trigger Sales Price (the "Additional Payment From Traffic Sales

Proceeds") towards the Forfeiture Money Judgment on or before the

Third Due Date (the "First Due Date" "Second Due Date" and "Third

Due Date" are referred to generally as the "Applicable Due Date").

To the extent that the defendant and/or Traffic receive any

additional net profits from the Ongoing Contracts as defined in

footnote one above after the date of this agreement, the defendant

shall pay an amount equivalent to all such profits (the "Additional

Profits From Ongoing Contracts") towards the Forfeiture Money

Judgment on or before the Third Due Date.[2]  The defendant shall

_____

[2]  The parties agree that nothing in this Agreement shall restrain
or prevent the defendant and/or Traffic, beginning thirty (30) days
after the date that the Information and the fact of the defendant's
guilty plea are unsealed, from lawfully entering into new, amended,
or ratified contracts for any of the rights conveyed in the Ongoing
Contracts (the "New Contracts") or shall restrain or prevent the
defendant and/or Traffic from exploiting commercially any rights
obtained thereby.  Profits obtained pursuant to the New Contracts,
if any, shall not constitute Additional Profits From Ongoing
Contracts, as defined above, and shall not be subject to forfeiture

promptly provide the Office with copies of all records evidencing Additional Profits From Ongoing Contracts, including but not limited to financial statements, invoices, and wire transfer records, as such records become available.  The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding.  The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.  The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983.  The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

10.  All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or

---

pursuant to this Agreement except to the extent necessary to satisfy the Forfeiture Money Judgment should the defendant fail to pay any portion thereof on or before the Applicable Due Date.

before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.  The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A.  In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office will request remission or restoration by the Attorney General or his designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9.  The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

11.   If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.  If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

12.   The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of any substitute assets. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

13.   The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement.  Upon such a breach, the defendant will not be entitled

to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

14.   The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

15.   The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

16.   The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.  The defendant waives any right to additional disclosure from the government in connection

with the guilty plea.  The defendant agrees to pay the special

assessment by check payable to the Clerk of the Court at or before

sentencing.

17.  The defendant must at all times give complete,

truthful and accurate information and testimony, and must not commit,

or attempt to commit, any further crimes.  Should it be judged by

the Office that the defendant has failed to cooperate fully, has

intentionally given false, misleading, or incomplete information or

testimony, has committed or attempted to commit any further crimes,

or has otherwise violated any provision of this agreement, including

but not limited to the forfeiture provisions set forth in paragraphs

8 through 15, the defendant will not be released from his plea of

guilty but this Office will be released from its obligations under

this agreement, including (a) not to oppose a downward adjustment

of two levels for acceptance of responsibility described in paragraph

2 above and to make the motion for an additional one-level reduction

described in paragraph 2 above, and (b) to file the motion described

in paragraph 7 above.  Moreover, this Office may withdraw the motion

described in paragraph 7 above, if such motion has been filed prior

to sentencing.  The defendant will also be subject to prosecution

for any federal criminal violation of which the Office has knowledge,

21

including, but not limited to, the criminal activity described in paragraph 5 above, perjury and obstruction of justice.

18.   If the defendant violates any provision of this agreement, prosecutions for crimes currently known and unknown to the government that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions.   If any such prosecutions are brought, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him on or after May 10, 2013, or any leads derived therefrom, should be suppressed.

19.   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.   Indeed, because the defendant is pleading guilty to racketeering conspiracy, wire fraud conspiracy, money laundering conspiracy, and obstruction of justice, removal is presumptively mandatory.   Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is the defendant's automatic removal from the United States.

20. This agreement does not bind any federal, state or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant. The Office may, however, disclose the defendant's cooperation to other prosecuting offices and any other foreign or domestic agencies if, in the sole discretion of the Office, the Office determines that such disclosure is warranted.

21. Apart from multiple written proffer agreements, a written agreement, dated March 24, 2014, to treat certain ███████ ███ information as ███████ provided pursuant to such proffer agreements, and a written agreement dated April 22, 2014 ("the April 22, 2014 agreement"), no promises, agreements or conditions have been entered into other than those set forth in this agreement, and none

will be entered into unless memorialized in writing and signed by

all parties.  This agreement supersedes any prior promises,

agreements or conditions between the parties, with the exception of

23

the April 22, 2014 agreement.   To become effective, this agreement

must be signed by all signatories listed below.

Dated:      Brooklyn, New York
            December  _12_, 2014

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                      By:     ███████████████████

                              Evan M. Norris
                              Amanda Hector
                              Darren A. LaVerne
                              Samuel P. Nitze
                              Brian D. Morris
                              Assistant United States Attorneys

                      Approved by:

                              ███████████████████

                              Daniel S. Silver
                              Supervising Assistant U.S. Attorney

I have read a translation of the entire agreement and discussed it
with my attorneys.   I understand all of its terms and am entering
into it knowingly and voluntarily.

████████████████████

JOSÉ HAWILLA
Defendant

Approved by:

████████████████         ████████████████

Lewis J. Liman, Esq.          Stephen E. Kaufman, Esq.
Counsel to Defendant          Counsel to Defendant