COURT EXHIBIT

2

DSS:EMN/AH/DAL/SPN/BDM
F.#2014R00190

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

TRAFFIC SPORTS USA, INC.,

       Defendant.

- - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

14 CR 609 (RJD)

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and TRAFFIC SPORTS USA, INC. (the "defendant"), acting through its indirect majority shareholder, José Hawilla, agree to the following:

      1.   The defendant will waive indictment and venue and plead guilty to Count Two of the above-captioned Information charging a violation of 18 U.S.C. § 1349. The count carries the following statutory penalties:

          a.   Maximum fine: the greater of $500,000 or twice the gross gain or gross loss
(18 U.S.C. § 3571(b)(3), (d)).

          b.   Restitution: Mandatory restitution in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

2

    c.    $400 special assessment (18 U.S.C. § 3013(a)(2)(B)).

    d.    Forfeiture: The Office and the defendant agree that no forfeiture is owed by the defendant in light of the $151,713,807.43 (plus certain additional amounts) that the defendant's indirect majority shareholder José Hawilla has agreed to forfeit as part of his December 12, 2014 cooperation agreement with the government, which is incorporated by reference, attached as Appendix A hereto, and referred to below as the "Hawilla Cooperation Agreement" (18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)).

2. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Office and the defendant agree that the following specific sentence is the appropriate disposition of this case:

    a.    <u>Fine</u>. Payment of criminal recoveries totaling $500,000, representing the maximum statutory fine pursuant to 18 U.S.C. § 3571(c)(3), to be paid at sentencing. In light of the $151,713,807.43 (plus certain additional amounts) that the defendant's indirect majority shareholder José Hawilla has agreed to forfeit as part of the Hawilla Cooperation Agreement, the parties agree that the above fine is appropriate.

    b.    <u>Probation</u>. A one year term of probation, to include the following mandatory and discretionary special provisions, pursuant to 18 U.S.C. § 3563(a) and (b) (provided that nothing herein shall prevent the defendant's indirect majority shareholder José Hawilla from selling all of the assets of the defendant and thereafter ceasing the defendant's operations and dissolving the defendant):

 i. The defendant shall not commit another federal, state, or local crime.

 ii. The defendant shall notify the Federal Bureau of Investigation ("FBI") and Internal Revenue Service - Criminal Investigation Division ("IRS-CID") within 72 hours of any criminal prosecution of the defendant.

 iii. Consistent with paragraph 4(i)(iv) of the Hawilla Cooperation Agreement, the defendant shall provide to the FBI and IRS-CID full access to any of the defendant's business operating locations.

 iv. Consistent with paragraph 4(i)(iv) of the Hawilla Cooperation Agreement, the defendant shall answer truthfully all inquiries by the FBI and IRS-CID.

 v. The defendant shall give 10 days' prior notice to the FBI and IRS-CID of any intended change in principal business location or mailing address.

The parties agree that the specific discretionary terms of probation enumerated above are appropriate, and further agree that no additional discretionary terms of probation should be imposed.  In addition, the parties agree that the term of probation set forth above is appropriate in light of the provisions in the Hawilla Cooperation Agreement requiring the defendant's indirect majority shareholder José Hawilla to cause the sale of the defendant (or all of its assets)

4

████████████████████████

    c.    <u>Special assessments</u>. Payment of the special assessment before the time of sentencing. The defendant shall provide a receipt from the Clerk to the Office before sentencing as proof of payment.

In the event that the agreed-upon sentence is below or above the Guidelines sentencing range calculated by the Court, the defendant and the Office consent to an adjustment under 18 U.S.C. § 3553(a) and the Office will inform the Court at the time of sentencing why the adjustment is justified. If the Court rejects this plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the defendant and the Office shall be afforded the opportunity to withdraw or vacate the plea. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant and such information may be used by the Court in determining the defendant's sentence. The defendant shall not capitalize into inventory or basis or take as a tax deduction, in the United States or elsewhere, any portion of the monetary payments made pursuant to this plea agreement.

    3.    The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court

imposes a total fine of $500,000 or less and a term of probation of one year or less. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 6(a), (a) it is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law, and (b) to waive any claim under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

    4.    The Office agrees that, except as provided in paragraph 1, no criminal charges will be brought against the defendant for its heretofore disclosed participation in connection

6

with the activity set forth in paragraph 5(a) of the Hawilla Cooperation Agreement.

5. In connection with the sentencing of the defendant, in the event that the Court enters an order of restitution for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A on a joint and several basis with any order of restitution to be entered against the defendant's indirect majority shareholder José Hawilla, the Office will request remission or restoration by the Attorney General or his designee of funds paid by José Hawilla pursuant to the Hawilla Cooperation Agreement, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his designee and that, only if remission or restoration is granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

6. Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from its plea of guilty but the Office will be released

7

from its obligations under this agreement, including but not limited to the provisions of paragraphs 4 and 5.

7. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

8. The defendant's indirect majority shareholder, José Hawilla, certifies that he is duly authorized to enter into this agreement on behalf of the defendant as evidenced by the resolution of the board of directors dated May 13, 2015, which is incorporated by reference and attached as Appendix B hereto.

9. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, his agreement supersedes all prior promises, agreements

8

or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:  Brooklyn, New York
        May 14, 2015

                                KELLY T. CURRIE
                                Acting United States Attorney
                                Eastern District of New York

                        By:     █████████████████████
                                Evan M. Norris
                                Amanda Hector
                                Darren A. LaVerne
                                Samuel P. Nitze
                                Keith D. Edelman
                                Brian D. Morris
                                Assistant United States Attorneys

                        Approved by:
                                █████████████████████
                                Daniel S. Silver
                                Supervising Assistant U.S. Attorney

I have read a translation of the entire agreement and discussed it with counsel. On behalf of TRAFFIC SPORTS USA, INC., I am entering into this agreement knowingly and voluntarily, as the indirect majority shareholder of TRAFFIC SPORTS USA, INC.

█████████████████████
José Hawilla
Indirect Majority Shareholder
Defendant TRAFFIC SPORTS USA, INC.
Approved by:

█████████████████████           █████████████████████
Lewis J. Liman, Esq.            Stephen E. Kaufman, Esq.
Counsel to Defendant            Counsel to Defendant