1             UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
2  - - - - - - - - - - - - - X

3  UNITED STATES OF AMERICA,   : 14-CR-00609(RJD)
                        :
4      -against-         :
                        :
5  JOSE HAWILLA, Traffic SPORTS : United States Courthouse
  USA, INC., and Traffic     : Brooklyn, New York
6  SPORTS INTERNATIONAL, INC.,  :
                        :
7      Defendants.      : Thursday, May 14, 2015
                        : 10:00 a.m.
8  - - - - - - - - - - - - - X

9     TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
      BEFORE THE HONORABLE RAYMOND J. DEARIE
10        UNITED STATES DISTRICT JUDGE

11          A P P E A R A N C E S:

12  For the Government: KELLY T. CURRIE, ESQ.
                 United States Attorney
13              Eastern District of New York
              271 Cadman Plaza East
14              Brooklyn, New York 11201
            BY:  EVAN NORRIS, ESQ.
15              SAM P. NITZE, ESQ.
              KEITH EDELMAN, ESQ.
16              Assistant United States Attorney

17  For the Defendant:    CLEARY GOTTLIEB STEEN & HAMILTON, LLP
18              One Liberty Plaza
              New York, New York 10006-1470
            BY:LEWIS J. LIMAN, ESQ.
19              KATE CURRIE, ESQ.

20  For the Defendant:    STEPHEN E. KAUFMAN, P.C.
              277 Park Avenue
21              47th Floor
              New York, New York 10172
22            BY:STEPHEN E. KAUFMAN, ESQ.
              ANDREW H. KAUFMAN, ESQ.
23

  Court Reporter:  Stacy A. Mace, RMR, CRR
24             Official Court Reporter
             E-mail:  SMaceRPR@gmail.com
25  Proceedings recorded by computerized stenography.  Transcript
  produced by Computer-aided Transcription.

1          (The following is sealed by order of the Court:

2   Present were:   Evan Norris, Esq.; Sam P. Nitze, Esq.; Keith

3   Edelman, Esq.; Lewis J. Liman, Esq.; Kate Currie, Esq.;

4   Stephen E. Kaufman, Esq.; Andrew H. Kaufman, Esq.; Adelia

5   Ramos de Almeida, Portuguese Interpreter; José Hawilla,

6   corporate representative; Special Agent John Penza of the FBI;

7   and Special Agent J.J. Kacic of the IRS CID.)

8          THE COURTROOM DEPUTY:  Judge Dearie, the courtroom

9   is now locked.

10         THE COURT:  All right.  We are now in a sealed

11  proceeding with the personnel I just identified.

12         I understand there's going to be an application for

13  pleas with respect to two corporate clients.

14         MR. LIMAN:  Your Honor, I think we need our client.

15         THE COURT:  I was just about to say, are we going to

16  do this through counsel or are we going to have a

17  representative?

18         MR. NORRIS:  A representative, Your Honor.

19         (Pause.)

20         (Portuguese interpreter, Adelia Ramos de Almeida,

21  entered.)

22         THE COURTROOM DEPUTY:  Judge Dearie, we have our

23  Portuguese interpreter.

24         I'm going to ask the Portuguese interpreter just to

25  put your name on the record.

1        THE INTERPRETER:  Adelia Ramos de Almeida, federally

2   qualified Portuguese interpreter.

3        THE COURTROOM DEPUTY:  I'm going to ask you to raise

4   your right hand.

5        (Interpreter sworn.)

6        THE COURT:  While we wait, can we have the name of

7   the client representative?

8        MR. LIMAN:  His name is José Hawilla.

9        THE COURT:  That's right.

10       THE COURTROOM DEPUTY:  Can you just spell it,

11  please, for the record?

12       MR. LIMAN:  Yes.  The last name is H-a-w-i-l-l-a.

13  First name, José, J-o-s-é.

14       (Pause.)

15       (Corporate representative, José Hawilla, entered.)

16       THE COURTROOM DEPUTY:  We are on this morning for a

17  pleading.  This is USA versus Traffic Sports USA, Incorporated

18  and Traffic Sports International, Incorporated, Docket Number

19  14-CRIM-609.

20       Can I ask the attorneys please to note their

21  appearance?

22       MR. NORRIS:  For the government, Evan Norris, Samuel

23  Nitze and Keith Edelman.  Good morning again, Your Honor.

24       THE COURT:  Good morning.

25       MR. LIMAN:  For Traffic Sports USA and Traffic

1  Sports International, Lewis Liman and Kate Currie from Cleary

2  Gottlieb.  Good morning, Your Honor.

3          THE COURT:  Good morning.

4          MR. S. KAUFMAN:  If Your Honor, please, for Traffic

5  Sports International and Traffic Sports USA, Andrew Kaufman

6  and Stephen Kaufman.

7          THE COURT:  Good morning.

8          MR. A. KAUFMAN:  Good morning.

9          THE COURT:  And you, sir, are Mr. Hawilla?

10          MR. HAWILLA:  Yes.

11          THE COURT:  Did I pronounce your name correctly?

12          MR. HAWILLA:  (No response.)

13          THE COURT:  How do you pronounce it?

14          MR. HAWILLA:  How-WEEL-a.

15          THE COURT:  How-WEEL-a.

16          MR. HAWILLA:  How-WEEL-a, but they call me A-veel-a.

17          THE COURT:  Okay.  I think let's stick with Hawilla

18  or sir, if that's okay with you?

19          MR. HAWILLA:  Or A-veel-a, yes.

20          THE COURT:  Counsel, you have an application?

21          MR. LIMAN:  Yes, Your Honor.

22          On behalf of Traffic Sports International and

23  Traffic Sports USA, our application is, at this point, to

24  enter a plea of guilty with respect to Count Two of the

25  information.

1      THE COURT:  All right.  And, Mr. Hawilla, could you

2  explain your affiliation with Traffic Sports USA, Inc. and

3  Traffic Sports International, Inc.?

4      MR. HAWILLA:  I'm the legal representative of both

5  of these companies.

6      THE COURT:  And are you authorized at this point to

7  act on their behalf?

8      MR. HAWILLA:  Yes.

9      THE COURT:  Are you specifically authorized to enter

10  pleas of guilty on behalf of each company?

11      MR. HAWILLA:  Yes.

12      THE COURT:  And is that authorization manifested in

13  any document or court action?

14      MR. LIMAN:  Yes, Your Honor.  The boards of both of

15  the corporations by resolution have authorized Mr. Hawilla to

16  act as corporate representative for those entities and to

17  enter the guilty pleas today.

18      THE COURT:  Specifically, have you seen the

19  resolutions?

20      MR. NORRIS:  I have, Your Honor.  And, Your Honor,

21  I'd also note it is attached that we provided to your

22  courtroom deputy the signed plea agreements, which attach as

23  two exhibits; one Exhibit A is Mr. Hawilla's individual

24  Cooperation Agreement, and the second exhibit is the

25  corporation resolution in question.  So at the back of both

1   packages that Ms. Mulqueen is providing you are the corporate

2   resolutions.

3           THE COURT:  Okay.

4           THE COURTROOM DEPUTY:  And I marked as Court

5   Exhibit 2, the plea agreement to Traffic Sports USA,

6   Incorporated; and Court Exhibit 3 the plea agreement to

7   Traffic Sports International, Incorporated.

8           (Court's Exhibit 2 was received in evidence.)

9           (Court's Exhibit 3 was received in evidence.)

10          THE COURT:  So is this now both the corporate and

11  individual pleas?

12          MR. NORRIS:  No, Your Honor, this is just we're

13  entering two corporate pleas today.

14          THE COURT:  I see.

15          MR. NORRIS:  Mr. Hawilla pled guilty individually

16  back on December 12th.

17          THE COURT:  So I'm not losing it, because I

18  recognize the gentleman.

19          MR. NORRIS:  Yes.

20          THE COURT:  And that explains it.

21          MR. NORRIS:  He undertook in his individual

22  agreement to cause the corporations at a later date to plead

23  guilty, so that's why we've attached it as an exhibit to the

24  corporate plea agreement.

25          THE COURT:  Swear the defendant, please.

1    THE COURTROOM DEPUTY:  Sir, I know you can't raise

2  your right hand.

3    (Corporate representative, José Hawilla, sworn.)

4    MR. HAWILLA:  Yes.

5    THE COURTROOM DEPUTY:  Thank you.

6    THE COURT:  All right, sir, we have been through

7  this exercise once before some months ago with respect to your

8  own case.  For the most part, we're going to repeat that

9  because I'm required to with respect to these corporate pleas.

10    First of all, how are you feeling?

11    MR. HAWILLA:  Well.

12    THE COURT:  Okay, you're able to concentrate on what

13  I'm saying?

14    MR. HAWILLA:  Yes.

15    THE COURT:  Are you in any discomfort at all?

16    MR. HAWILLA:  No.

17    THE COURT:  Counsel, in your discussions with your

18  client have you had any difficulty communicating with him?

19    MR. S. KAUFMAN:  No, Your Honor.

20    THE COURT:  And you're confident he understands the

21  rights he's waiving on behalf of the corporations?

22    MR. S. KAUFMAN:  We are, Your Honor.

23    THE COURT:  All right, if I might ask you one last

24  time to state your full name for the record, sir.

25    MR. HAWILLA:  José Hawilla.

1          THE COURT:  And how old, are you, sir?

2          MR. HAWILLA:  Seventy-one years old.

3          THE COURT:  I'm not entirely sure I have to go

4    through this, having done it months before.  For the record, I

5    don't know.  We're here with the interpreter who has been

6    sworn.  This is a sealed proceeding, as a result of an

7    application made earlier today and calendared as such and

8    granted by the Court, evidenced by a sealed order which has

9    now been signed.

10         MR. NORRIS:  And on that, Your Honor, if I could

11   just add, if Your Honor could just confirm with the defendant

12   that he waived his appearance at the prior public proceeding

13   to close the courtroom?

14         THE COURT:  Mr. Hawilla, you were not present at the

15   public proceeding for, I think, pretty much obvious reasons.

16   You had a right to be present and, according to the Assistant

17   U.S. Attorney, you are prepared to acknowledge that you waived

18   that right to be present during the public proceeding that

19   preceded this proceeding now, is that correct?

20         MR. HAWILLA:  Yes.

21         THE COURT:  I'm also reminded by Ms. Mulqueen, who

22   remembers things better than I do , I guess, that the

23   interpreter, certified Portuguese interpreter has worked in

24   that capacity for both the government and for some defendant

25   or defendants.  Mr. Kaufman is smiling, so I guess he can

1  document that or confirm it.

2         Everybody is aware of that, everybody is comfortable

3  with continuing with this interpreter, please acknowledge on

4  the record.

5         MR. NORRIS:  That's correct, Your Honor.

6         MR. S. KAUFMAN:  Correct, Your Honor.

7         THE COURT:  Thanks, Ellie.

8         Mr. Hawilla, I understand you're here to enter on

9  behalf of these two corporations pleas of guilty to Count Two

10 of the information.  So the first order of business is, and I

11 think we did this the last time, but I have to do it again, is

12 to go through the advisory with respect to an information,

13 because you, as well as the corporations, have the right to

14 have a grand jury decide whether or not felony charges may be

15 returned against you.  The U.S. Attorney, absent your waiver

16 of that right, has no authority or power to charge you or

17 anyone with a felony violation of law.  A felony is any

18 offense that carries with it a sentence, a potential sentence

19 in excess of one year.  And in each instance Count Two of this

20 indictment is such an offense.

21        Do you understand that?

22        MR. HAWILLA:  Yes.

23        THE COURT:  So that you would have the right, I

24 should say the corporations have the right to have this matter

25 decided initially by the grand jury.  That body might or might

1  not indict the corporations for this or any other offense; and

2  if they chose not to indict, the U.S. Attorney would be

3  powerless on his own to proceed against you.

4          Grand jury is a group of people, twenty-three in

5  number, drawn from our community like any other jury.  There

6  must be sixteen grand jurors present to constitute a quorum to

7  hear evidence.  A grand jury is not an adversarial proceeding,

8  it's conducted by the prosecutor, in secret, with the grand

9  jurors, only the grand jurors present and, from time to time,

10 an appropriate witness.  You would have a right to present

11 testimony before that body, should you choose to do so.

12 Counsel would not at any time be present with you, however,

13 during the proceedings; although, you would have the right to

14 excuse yourself from time to time to confer with counsel

15 during any such proceeding.

16         If you waive this right, I should say, and you

17 proceed, it will proceed just as if the grand jury had

18 indicted you or the corporations for these offenses.  Do you

19 understand that?

20         MR. HAWILLA:  I understand.

21         THE COURT:  Knowing that, are you willing to waive

22 the grand jury presentation?

23         MR. HAWILLA:  Yes.

24         THE COURT:  The defendant having been fully informed

25 of the corporations' rights to proceed before the grand jury

1   in each instance has, in open court and in the presence of

2   counsel, knowingly, in my view, and voluntarily waived that

3   right.  Accordingly, the waivers of indictment are accepted.

4   I will so indicate my acceptance by adding my signature to the

5   waiver forms.  The waiver forms were signed by the defendant,

6   counsel for the defendant.  Is that right, Mr. Liman?

7           MR. LIMAN:  Yes, that's correct, Your Honor.

8           THE COURT:  Do you need more signatures than one?

9   If you do, you'll let me know.

10          All right, now, Mr. Hawilla, we proceed just as if

11  the grand jury had charged you.  It's my understanding based

12  upon counsel's application that you intend to offer on behalf

13  of each corporation a plea of guilty to Count Two.  With the

14  permission of counsel, I will dispense with the reading of the

15  introductory portions of this indictment, which involve some

16  fifty-three pages of material.

17          Any objection to that, Mr. Liman?

18          MR. LIMAN:  No objection, whatsoever, Your Honor.

19          THE COURT:  Mr. Kaufman?

20          MR. S. KAUFMAN:  None, Your Honor.

21          THE COURT:  And limit myself to reading a paragraph,

22  the charging paragraph or paragraphs on page 54 of the

23  information bearing Docket Number 14-CR-609.

24          Paragraph 124 reads:  The allegations contained in

25  paragraphs 1 through 120 are realleged and incorporated as if

1   fully set forth in this paragraph.

2           Paragraph 125 then proceeds as follows:  In or about

3   and between April 2010 and February 2014, both dates being

4   approximate and inclusive, within the Southern District of

5   New York the defendants, José Hawilla, Traffic Sports USA,

6   Inc. and Traffic Sports International, Inc., together with

7   others, did knowingly and intentionally conspire to devise a

8   scheme, an artifice to defraud FIFA, previously defined in the

9   document.  And I don't know what to call CON --

10          MR. NORRIS:  CONCACAF, Your Honor.

11          THE COURT:  CONCACAF?

12          MR. NORRIS:  Yes, FIFA and CONCACAF.

13          THE COURT:  FIFA, I beg your pardon.

14          -- FIFA and CONCACAF, including to deprive FIFA and

15  CONCACAF of their respective rights to honest and faithful

16  services through bribes and kickbacks and to obtain money and

17  property by means of materially false and fraudulent

18  pretenses, representations and promises; and for the purpose

19  of executing such scheme and artifice to transmit and cause to

20  be transmitted by means of wire communication in interstate

21  and foreign commerce writings, signs, signals, pictures and

22  sounds, to wit, wire transfers, contrary to Title 18 United

23  States Code Section 1343.

24          Forgive me for being so fundamental here, but FIFA

25  is it?

1          MR. NORRIS:  FIFA.

2          THE COURT:  You say FIFA, I say FIFA, okay.

3          Mr. Hawilla, do you know who I refer to when I refer

4     to FIFA?

5          MR. HAWILLA:  (No response.)

6          THE COURT:  You know what FIFA is, of course?

7          MR. HAWILLA:  I do.

8          THE COURT:  And CONCACAF as well, you understand who

9     that is or what that is?

10          MR. HAWILLA:  I understand.

11          THE COURT:  Do you understand what's being charged

12     in Count Two of the indictment?

13          MR. HAWILLA:  Yes.

14          THE COURT:  You understand the nature of the charge?

15          MR. HAWILLA:  Yes.

16          THE COURT:  You're charged with conspiring, the

17     corporations and others, to defraud, both FIFA and CONCACAF.

18     Is that your understanding?

19          MR. LIMAN:  Your Honor, to be precise, it's the

20     corporations are charged.

21          THE COURT:  Well, as I read it all three of them are

22     charged.

23          MR. LIMAN:  Correct.

24          THE COURT:  Through the use of wire transfers --

25          THE INTERPRETER:  I'm talking.

1          THE COURT:  I'm sorry, did I interrupt?

2          MR. HAWILLA:  No.

3          THE COURT:  You've discussed this charge with

4    counsel?

5          MR. HAWILLA:  Yes.

6          THE COURT:  What's your understanding of the nature

7    of the conspiracy?  What is a conspiracy?

8          MR. HAWILLA:  The American law, I don't understand

9    exactly what this is.

10         THE COURT:  Well, we want you to understand the

11   crime before the corporations plead guilty to it.

12         A conspiracy is an illegal agreement.  If you and I

13   agree to do something that's against the law, like making

14   illegal payments to people and organizations, by way of

15   example only, the agreement, itself, okay, just the fact that

16   we've agreed is a crime, in and of itself, regardless of

17   whether we ever execute that agreement.  That's the nature of

18   the charge in Count Two, the illegal agreement.

19         Does that make any sense to you, sir?

20         MR. HAWILLA:  Yes.

21         THE COURT:  All right, now, I have plea agreements

22   for both corporations.  Whose got the originals?

23         THE COURTROOM DEPUTY:  We have the originals right

24   up here.  I'm going to place the original in front of the

25   defendant.

1       THE COURT:  Have they been executed?

2       THE COURTROOM DEPUTY:  Yes.  Court Exhibit 3 and

3   Court Exhibit 2, yes, the agreements have been executed.

4       THE COURT:  All right.  Each of these documents,

5   Mr. Hawilla, represents an agreement made between the

6   respective corporations and the United States Attorney's

7   office.  It also reflects certain information, certain

8   important information that you should be aware of.  We

9   document the fact that you are aware of it before entering

10  pleas on behalf of the corporations.

11          Have you read each of these documents?

12          Are they essentially identical?

13      MR. NORRIS:  They are, indeed, Your Honor, identical

14  except for the name of the corporation.

15      THE COURT:  Have you read these documents,

16  Mr. Hawilla?

17      MR. HAWILLA:  Yes.

18      THE COURT:  Have you discussed them with counsel?

19      MR. HAWILLA:  Yes.

20      THE COURT:  You understand these are important

21  documents with respect to the resolution of the charges

22  against these two corporations, is that fair to say?

23      MR. HAWILLA:  Yes.

24      THE COURT:  Okay.

25          Paragraph one of the agreements sets out the

1  statutory penalties available to the Court as a result of the

2  corporation's plea of guilty to the criminal charge.  And you

3  see them laid out in paragraph one, a maximum fine of $500,000

4  or twice the gain or loss; mandatory restitution in an amount

5  that is not -- I guess in an amount to be determined by the

6  Court?

7          MR. NORRIS:  Correct, Your Honor.

8          THE COURT:  The Court will impose what's called

9  special assessments of $400.

10          MR. NORRIS:  For a corporation, yes, Your Honor.

11          THE COURT:  And you face a forfeiture and, indeed,

12  you've agreed that -- well, excuse me, let me read

13  specifically the language:

14          The office, being the U.S. Attorney's office, and

15  the defendant, meaning the corporation, agree that no

16  forfeiture is owed by the defendant in light of the

17  $151,713,807.43, plus certain additional amounts, that the

18  defendants' indirect majority shareholder, you, José Hawilla,

19  has agreed to forfeit as part of his December 12th, 2014

20  cooperation agreement with the government.  That, I'm sure, is

21  of interest to you.

22          You understand it?

23          MR. HAWILLA:  Yes.

24          THE COURT:  Now, you have agreed, you meaning you

25  and your counsel with the United States Attorney, to certain

1   provisions pursuant to Rule 11 of the Federal Rules of

2   Criminal Procedure as is laid out beginning on page 2.  These

3   are subject to approval of the Court, all right.  So I may or

4   may not agree with them.

5           Stop me if I'm misstating this, I don't take a lot

6   of courtroom pleas.  I don't see any need to literally read it

7   into the record, but it's set out in paragraph two of the

8   agreements of the corporations.  You've agreed to certain fine

9   amounts.  You've agreed to a one-year term of probation with

10  certain qualifications, all conditioned that you will commit

11  no further crime; that you'll notify the appropriate

12  authorities, as indicated in the agreement, of any further

13  criminal prosecution; that you'll provide access to the IRS

14  and FBI of your operating locations.  You'll answer truthfully

15  all inquiries by the enforcement agencies, in subparagraph

16  Roman V; and you'll give notice, ten days' prior notice to the

17  FBI and IRS of any intended change in principal business

18  location.

19          Now, as I said before, this rule gives the

20  authorities the power, if you will, to agree on terms of a

21  sentence, which is somewhat unusual.  And it is always subject

22  to my acceptance.  If at the end of the day, after I've become

23  more familiar with the case and have read the pre-sentence

24  reports, I think that the resolution that you've agreed to is

25  appropriate, I will accept it and impose that as the sentence.

1  If I disagree, I will present the level of disagreement with

2  the parties, at which point the corporations will have the

3  options of either revising their agreement with the government

4  to the Court's satisfaction or withdrawing the plea of guilty.

5          Understand?  Calling the deal off, if I don't go

6  along with it, in plain English.  Do you understand what I'm

7  talking about?

8          MR. HAWILLA:  Yes.

9          THE COURT:  Do you have any questions?

10         MR. HAWILLA:  No.

11         THE COURT:  You've been well counseled about all

12 this by your lawyers; you've been well counseled, well advised

13 by counsel with respect to the intricacies of this arrangement

14 and potential plea, is that accurate?

15         MR. HAWILLA:  Yes.

16         THE COURT:  Any other aspect of this that I should

17 focus on?

18         MR. NORRIS:  One moment, Your Honor.

19         THE COURT:  Sure.

20         (Pause.)

21         MR. NORRIS:  No, Your Honor.

22         THE COURT:  All right.  The agreements have been

23 executed?

24         MR. NORRIS:  Actually, Your Honor, one thing, if I

25 may?

1          THE COURT:  Yes.

2          MR. NORRIS:  If you could just note on the record

3    that in paragraph three there is an appellate waiver, so that

4    in the event the Court accepts the plea and imposes a sentence

5    consistent with it, the defendant agrees not to file an appeal

6    if the conviction or sentence involves a fine of 500,000 or

7    less and a term of probation of one year or less.

8          THE COURT:  In plain English, sir, if I go along

9    with the deal, all right, you have agreed not to seek review

10   in a higher court.  You have agreed not to file an appeal.

11         Does that sum it up?

12         MR. NORRIS:  Yes, Your Honor.

13         MR. HAWILLA:  Yes.

14         THE COURT:  Do you understand that?

15         MR. HAWILLA:  Yes.

16         THE COURT:  And for the record, both waivers --

17   which have now been marked, Ellie?

18         THE COURTROOM DEPUTY:  As Court Exhibit 2 and Court

19   Exhibit 3.

20         THE COURT:  -- reflect identical terms, each

21   extended plea, Rule 11 plea, tendered by the Court.

22         On behalf of the corporations, Mr. Hawilla, are you

23   ready to plead?

24         MR. HAWILLA:  Yes.

25         THE COURT:  It is alleged that you engaged in this

1   illegal agreement or conspiracy or, let me rephrase that, that

2   the corporations each of them engaged in this illegal

3   agreement or conspiracy to commit wire fraud.  Tell me what

4   happened.

5            MR. HAWILLA:  My name is José Hawilla.  I am the

6   indirect majority shareholder of Traffic Sports International,

7   TSI, and Traffic Sports USA, TUSA.  I have been authorized by

8   resolution to make these statements on behalf of both TSI and

9   TUSA.  TSI is incorporated in the British Virgin Islands and

10  TUSA is incorporated in Florida.

11           Beginning in or around the early 1990's, I formed

12  TSI and TUSA to expand my business buying rights to soccer

13  events and promoting those rights throughout the world by

14  legitimate means.  TSI held the rights to the COPA America

15  starting with the edition held in 1999, and at times TSI

16  assigned a portion of the rights it held to TUSA to be

17  commercially exploited globally, including in the United

18  States.

19           Under its contract with the South American Football

20  Association, CONMEBOL, TSI was to hold the rights through, at

21  least, the 2015 edition.  However, CONMEBOL, in violation of

22  its contract with TSI, sold the rights to the 2015, 2019 and

23  2023 editions to another marketing company.  In 2011, TSI and

24  TUSA sued CONMEBOL and the marketing company to regain their

25  rights.  In 2013, to resolve the litigation, TSI agreed to

1   jointly hold with the other marketing company and a third

2   company the rights to the 2015, 2019 and 2023 edition, as well

3   as a special centennial edition, which will be held in the

4   United States and organized by Football Confederation in the

5   Americas, CONMEBOL and CONCACAF, member entities of FIFA.

6            After TSI learned that members of the two other

7   companies had already made commitments to pay bribes in

8   connection with the COPA America, it knowingly, intentionally

9   and willfully agreed that it would contribute to these bribe

10  payments.  TSI understood that other companies would make

11  undisclosed bribe payments to officials who held positions of

12  authority and trust within FIFA and CONMEBOL to secure

13  marketing rights related to the COPA America tournament.

14           TSI's account at a bank in United States and the

15  wire facilities of the United States were used to reimburse a

16  portion of the expense paid by the other sports marketing

17  organizations by transferring money to financial institutions

18  in another country.  The transfers were made by banks in the

19  United States.  In addition, TUSA and TSI knowingly and

20  willfully agreed with the other two companies to pay an

21  undisclosed bribe to a CONCACAF official in connection with a

22  contract that TSI and the other two marketing companies had

23  with CONCACAF for the marketing rights to the special

24  centennial edition.  TSI and TUSA understood that this

25  official held a position of authority and trust within FIFA

1    and CONCACAF.  This conduct was wrong.  On behalf of TSI and

2    TUSA, I repent very much and I apologize for this conduct.

3              THE COURT:  TSI is the international and TUSA is the

4    local?

5              MR. NORRIS:  Yes, Your Honor.

6              THE COURT:  In EDNY jurisdiction or venue, I should

7    say?

8              MR. NORRIS:  With respect to venue, the wire

9    transfers that the defendant referred to -- the wire transfers

10   that Mr. Hawilla referred to went through New York, New York,

11   in the Southern District of New York.  Count Two alleges venue

12   in the Southern District of New York and venue has been

13   waived.

14             THE COURT:  Is that in the plea agreement?

15             MR. NORRIS:  Yes, Your Honor.

16             THE COURT:  I should have briefly touched on that,

17   Mr. Hawilla.  Venue is part of our -- is an aspect of the

18   Court's authority and it implicates the rights of accused

19   individuals to have charges addressed and disposed of in the

20   district wherein those charges arose.  In this instance, as

21   the charging language indicates, proper venue of this matter

22   is in the Southern District of New York, which is across

23   Manhattan and elsewhere.

24             According to your agreement, you had waived the

25   right to have these charges addressed in the Southern District

1  of New York.  Do you understand that?

2         MR. HAWILLA:  Yes.

3         THE COURT:  Okay.  Have you had a chance to review

4  that allocution?

5         MR. NORRIS:  We have, Your Honor.  It's acceptable

6  to the government.

7         THE COURT:  All right, based on the information

8  given to me, I find that the defendant corporations, from the

9  authorized responses of Mr. Hawilla, have knowingly and

10 voluntarily -- are aware of their rights, I should say.  The

11 consequences and possible consequences of the pleas, and that

12 there are factual bases for the pleas of guilty; I, therefore,

13 now accept the pleas of guilty to Count Two of Traffic Sports

14 USA, Inc. and Traffic Sports International, Inc.

15        Anything further?

16        MR. NORRIS:  No, Your Honor.

17        THE COURT:  Ellie, what do we do?

18        THE COURTROOM DEPUTY:  We'll put this down for a

19 control date?

20        MR. NORRIS:  That would be great.

21        THE COURTROOM DEPUTY:  We'll put it down for

22 September 25th, at 10:00 a.m.

23        THE COURT:  Gentlemen, Mr. Liman, anything else?

24        MR. LIMAN:  Not on behalf of the corporations.

25 Thank you, Your Honor.

1          THE COURT:  Any questions, Mr. Hawilla, before we

2    conclude the proceedings?

3          MR. HAWILLA:  No.

4          THE COURT:  Mr. Kaufman, anything?

5          MR. S. KAUFMAN:  No, Your Honor.

6          THE COURT:  Thank you, gentlemen.  Thank you, all,

7    madam, and we'll see you next time.

8          MR. NORRIS:  Thank you very much, Your Honor.

9          MR. S. KAUFMAN:  Thank you, Your Honor.

10         THE COURT:  Who are these two gentlemen back there?

11         MR. NORRIS:  Special Agent John Penza of the FBI and

12   Special Agent J.J. Kacic of the IRS CID.

13         THE COURT:  I assumed so.

14         MR. NORRIS:  Thank you, Your Honor.

15         (Matter adjourned.)

16

17                   *    *    *    *    *

18

19   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

20

21     /s/ Stacy A. Mace                      May 20, 2015
     _____    _____

22       STACY A. MACE                      DATE

23

24

25