JDG:EMN:SMN/BDM
F.#2014R00190

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

JOSÉ HAWILLA,

          Defendant.

- - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE (AMENDED)

14 CR 609 (RJD)

     WHEREAS, on December 12, 2014, the defendant, JOSÉ

HAWILLA, entered a plea of guilty to Counts One through Four of the

above-captioned information (the "Information"), charging

violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1349, 18 U.S.C. §

1956(h) and 18 U.S.C. § 1512;

     WHEREAS, the defendant acknowledges that money and

property is subject to forfeiture as a result of his violations of

18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the Information;

and

     WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C)

and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to

the forfeiture of (a) the sum of one hundred fifty-one million seven

hundred thirteen thousand eight hundred seven dollars and

forty-three cents ($151,713,807.43), which represents profits that

the defendant made from certain contracts obtained through the

payment of bribes and kickbacks (the "Sum Certain"),[1] plus the amount

of any Additional Payment From Traffic Sales Proceeds and the amount

of any Additional Profits From Ongoing Contracts as each are defined

in paragraph 2 below (collectively, the "Forfeiture Money

Judgment"), and (b) any and all funds restrained in Bank Hapoalim

Account Number CH0408281704418010000U held in the name of Datisa S.A.,

which contains in excess of sixty million dollars ($60,000,000), and

all proceeds traceable thereto (the "Forfeited Account"), as:

(a) property that the defendant acquired an interest in and

maintained in violation of 18 U.S.C. § 1962, property that the

defendant has an interest in, security of, claims against and

property and contractual rights that afford a source of influence

over the enterprise that the defendant established, operated,

controlled, conducted and participated in the conduct of, in

violation of 18 U.S.C. § 1962, property that the defendant derived

from proceeds obtained, directly and indirectly, from racketeering

activity, in violation of 18 U.S.C. § 1962, and/or as substitute

assets in accordance with the provisions of 18 U.S.C. § 1963(m); (b)

---

[1] The contracts that provide the basis for the profit figure are the subject of the four schemes set forth in the Information. Included among these contracts are four that were in effect on or about December 12, 2014: (A) the Copa América and Copa América Centenario contract dated on or about May 25, 2013; (B) the Gold Cup and Champions League contracts dated on or about November 27, 2012 and November 15, 2013; and (C) the Copa do Brasil contract dated on or about August 15, 2012, which includes earlier contracts incorporated by reference therewith (collectively and all as variously amended, the "Ongoing Contracts").

property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (c) property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.   The defendant shall forfeit to the United States the Forfeited Account and the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.   The defendant shall pay the sum of twenty-five million dollars and no cents ($25,000,000.00) towards the Sum Certain portion of the Forfeiture Money Judgment (the "First Payment") on or before the date that he pleads guilty pursuant to his agreement with the government (the "First Due Date"). The defendant shall pay the proceeds of the sale of Traffic (i.e., Traffic Sports USA, Inc., Traffic Sports International, Inc., and Traffic Assessoria e Comunicações Ltda., along with their parents, affiliates, divisions, and subsidiaries) or its assets contemplated in paragraph 4.i.(iii)

of his agreement with the government (the "Traffic Sales Proceeds")

towards the Sum Certain portion of the Forfeiture Money Judgment ██

██████████████████████ (the "Second Due Date"). One third of the

value of the Forfeited Account (representing Traffic's one-third

interest in the account as a shareholder of Datisa S.A.) finally

forfeited to the United States (the "Fractional Forfeited Account

Value") shall be credited towards the defendant's payment of the Sum

Certain Portion of the Forfeiture Money Judgment. To the extent that

the Traffic Sales Proceeds are less than or equal to the amount

computed by subtracting the First Payment and the Fractional

Forfeited Account Value from the Sum Certain portion of the

Forfeiture Money Judgment (the "Trigger Sales Price"), the defendant

shall pay the remaining balance of the Sum Certain portion of the

Forfeiture Money Judgment on or before the date of sentencing (the

"Third Due Date"). To the extent that the Traffic Sales Proceeds

exceed the Trigger Sales Price, the defendant shall pay an amount

equivalent to seventy-five percent (75%) of the difference between

the Traffic Sales Proceeds and the Trigger Sales Price (the

"Additional Payment From Traffic Sales Proceeds") towards the

Forfeiture Money Judgment on or before the Third Due Date (the "First

Due Date," "Second Due Date," and "Third Due Date" are referred to

generally as the "Applicable Due Date"). To the extent that the

defendant and/or Traffic receive any additional net profits from the

Ongoing Contracts as defined in footnote one above after the date of his agreement with the government, the defendant shall pay an amount equivalent to all such profits (the "Additional Profits From Ongoing Contracts") towards the Forfeiture Money Judgment on or before the Third Due Date.[2]  The defendant shall promptly provide the U.S. Attorney's Office (the "Office") with copies of all records evidencing Additional Profits from Ongoing Contracts, including but not limited to financial statements, invoices, and wire transfer records, as such records become available.

        3.    The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Forfeited Account and the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding.  The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Account and any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C.

---

[2]  Nothing herein shall restrain or prevent the defendant and/or Traffic, beginning thirty (30) days after the date that the Information and the fact of the defendant's guilty plea are unsealed, from lawfully entering into new, amended, or ratified contracts for any of the rights conveyed in the Ongoing Contracts (the "New Contracts") or shall restrain or prevent the defendant and/or Traffic from exploiting commercially any rights obtained thereby.  Profits obtained pursuant to the New Contracts, if any, shall not constitute Additional Profits From Ongoing Contracts, as defined above, and shall not be subject to forfeiture pursuant to this Order except to the extent necessary to satisfy the Forfeiture Money Judgment should the defendant fail to pay any portion thereof on or before the Applicable Due Date.

§ 983 regarding notice of seizure in non-judicial forfeiture matters.
The defendant further waives the filing of a civil forfeiture
complaint as to the Forfeited Account and any payments made towards
the Forfeiture Money Judgment in accordance with the procedures set
forth in 18 U.S.C. § 983. The defendant agrees to execute any
documents necessary to effectuate the administrative or civil
forfeiture of the Forfeited Account and any payments made towards
the Forfeiture Money Judgment.

4. All Payments made towards the Forfeiture Money
Judgment shall be made by certified or bank check, payable to the
United States Marshals Service, with the criminal docket number noted
on the face of the check. The defendant shall cause said checks to
be sent via certified mail, overnight mail, or Federal Express to
Assistant United States Attorney Brian Morris, United States
Attorney's Office, Eastern District of New York, 271 Cadman Plaza
East, Brooklyn, New York 11201. The defendant acknowledges that
the Forfeited Account and all funds paid by the defendant pursuant
to this paragraph shall be subject to a restitution hold to ensure
their availability to satisfy any order of restitution entered at
sentencing for the benefit of any individuals or entities that
qualify as victims under the provisions set forth in 18 U.S.C. §§
3663 and 3663A. In the event that the Court enters an order of
restitution for the benefit of any such victim or victims at the time

of sentencing, the Office will request remission or restoration by the Attorney General or his designee of the Forfeited Account and funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5. If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Account and payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the

Forfeited Account and any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Account or any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

7.    The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government.  Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.  The defendant agrees that the forfeiture of the Forfeited Account and the entry or payment of the Forfeiture Money Judgment are not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

9.    Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Account and to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.  The United States alone shall hold title to

the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of this Order.

10. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Account in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Account as a substitute for published notice as to those persons so notified.

11. Any person, other than the defendant, asserting a legal interest in the Forfeited Account may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Account, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and 18 U.S.C. § 1963(l). Any petition filed in response to notice of the forfeiture of the Forfeited Account must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right,

title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

13. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

14. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

15. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern

District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:     Brooklyn, New York
           June 13, 2016

                                    s/ RJD

                        _____
                        HONORABLE RAYMOND J. DEARIE
                        UNITED STATES DISTRICT JUDGE